## MACY et al. v. LOEB, Revenue Collector.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 267.

1. INSPECTION (§ 5*)—TEA INSPECTION ACT—CONSTRUCTION.

Tea Inspection Act March 2, 1897, c. 358, 29 Stat. 604 (U. S. Comp. St. 1901, p. 3194), makes no provision that the importer shall or may participate in the examination of his tea by the examiner or by the Board of General Appraisers in case of a protest, nor that he shall be permitted to call witnesses or examine the experts, whose advice may be asked by the Board, and a refusal to accord him such privileges deprives him of no legal right.

[Ed. Note.—For other cases, see Inspection, Cent. Dig. §§ 9-11; Dec. Dig. § 5.*]

2. INSPECTION (§ 4*)—TEA INSPECTION ACT.

Under such act tea cannot be imported, no matter what its quality may be, unless, by the decision of the administrative officers to whom the inspection is committed, it is found to conform to the standards established thereunder.

[Ed. Note.—For other cases, see Inspection, Cent. Dig. §§ 8, 18, 19; Dec. Dig. § 4.*]

Ward, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order of the District Court, Southern District of New York, denying a motion for an injunction pendente lite to restrain the collector from destroying some chests of tea, imported by complainants. The cause involves a construction of the Tea Act of March 2, 1897. The examiner at the port of New York held that the teas did not come up to the established standard. The importers protested against his finding, and the matter was referred for decision to a Board of three General Appraisers, who re-examined the teas and sustained the examiner. The importers were notified of this decision, and, having failed to export the tea within six months, the collector was about to destroy it, when this suit was commenced.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Sternberg, Jacobson & Pollock, of New York City (H. L. Jacobson, of New York City, of counsel), for appellants.

Henry A. Wise, U. S. Atty., and A. S. Pratt, Asst. U. S. Atty., both of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges. .

LACOMBE, Circuit Judge. [1] In the opinion of a majority of the court the decision in Buttfield v. Stranahan, 192 U. S. 470, 24 Sup. Ct. 349, 48 L. Ed. 525, is controlling. Congress has undoubtedly the power to exclude all teas, or to admit them under the most arbitrary regulations it may choose to prescribe. By the act the whole matter is turned over to administrative officers, with no review of the facts in the court.

The scheme is a simple one. The Secretary of the Treasury fixes standards. He appoints examiners, who are to decide whether teas brought here are up to standard. The examiner has before him (section 4) a standard sample, and samples of the importation accompanied by a sworn statement of the importer or consignee that they represent the true quality of the invoices. He then tests them "according to the usages and customs of the tea trade, including the testing of an infusion of the same in boiling water and, if necessary, chemical analysis." Section 7. This examination does not contemplate that the importer shall in any way participate in it or even be present when it is made. If the examiner finds that *"in his opinion"* the sample is not up to the standard, the importer shall be immediately notified. Section 5. He may, if he pleases, protest against the finding, whereupon the matter in dispute is referred for a decision to a Board of 3 General Appraisers. Section 6. In the event of such protest samples of the tea in dispute are put up and sealed by the examiner, in the presence of the importer, if he so desires, and transmitted to the board together with a copy of the finding of the examiner setting forth the cause of condemnation and also the claim or ground of protest of the importer relating to the same. Section 8. The board then proceeds to re-examine. The only requirements of the act as to such re-examination are that it shall be by the board "according to the usages and customs of the tea trade including an infusion of the same in boiling water and, if necessary, chemical analysis" (section 7), and that the board shall be authorized, when necessary, to obtain the advice of persons skilled in the examination of teas (section 8).

We find nothing in the act which prescribes or even implies that the importer is to be present when the board is making its re-examination of the samples, or that he may call witnesses, or that any witnesses are to be examined or that the importer may interrogate the persons whose "advice" the Board may ask for, or that he may be accorded any hearing before the Board, except consideration of what he may have set forth in his "claim or ground of protest." There is nothing in the complaint to indicate that the procedure above set forth was not scrupulously followed; indeed the only averment of irregularity is that importers were not permitted to be present at the re-examination, nor to examine under oath the persons skilled in the examination of teas

whose "advice" the Board obtained. The statute gives him no such right and in view of the Buttfield Case, he cannot successfully contend that the Constitution secures it to him.

Appellants have much to say about "confiscation and destruction of their property." This is without foundation. The statute does not confiscate their property. It forbids them to bring it into this country and gives them six months to remove it (surely an abundant time). It is only when they let it stay here beyond that time practically abandoning it, by not taking proper care of it, that the act directs its destruction so that its entry may be effectually prevented.

[2] They also contend that the act does not apply to teas equal to or above standard; that such teas are not prohibited and may be imported without being affected by the act. This is a mistaken idea. The act provides in substance that *no tea* shall come here unless it meets the requirements of the statute—that is unless it can secure a finding either from the examiner or from the Board of General Appraisers that it is in their opinion up to standard. Unless an importation of tea can secure such finding it must be taken away, even though it be the highest grade of brick tea that ever left China by caravan.

The order is affirmed.

WARD, Circuit Judge, dissents.